UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLINTON ED KEY,  )
               Plaintiff,  )
                          )   No. 3 09 0879
v.  )   (No. 3:09mc0153)
                          )   Judge Echols
STATE OF TENNESSEE, ET AL.,  )
             Defendants.  )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville. He brings this action under 42 U.S.C. § 1983 against the State of Tennessee (the State), the County of Davidson (Davidson County), "Metro Division/Davidson County," and other defendants that/whom he describes as: 1) "The Commissioner: Night, police officers"; 2) "Judges on some cases"; 3) "DA on some cases"; 4) "PD on some cases"; 5) "pros[ecutor] on some cases"; 6) "Workers of State"; 7) "Police Officers"; 8) "Members of the Justice System"; and 9) "some members of the Sheriff department." (Docket Entry No. 1, ¶ III, p. 2 of 8, the following unnumbered page, and 3 of 8) The plaintiff seeks money damages only.

The plaintiff's claims are as follows: 1) the plaintiff began to receive tickets for driving under the influence after he filed a complaint on police officers in the north precinct (Docket Entry No. 1);[1] 2) "they" took his Pit Bull, and he does not know where his dog is (Docket Entry No. 1); 3) "they" said he was driving on a suspended license (Docket Entry No. 1); 4) unnamed/unidentified individuals are denying him special needs housing, a mental health assessment, and an "ACA manual" (Docket Entry No. 1); 5) he was issued a misdemeanor citation for leaving the scene of an

---

[1] Where no page number is provided, the page is unnumbered to which reference is made.

accident (Docket Entry No. 1 p. 3 of 8); 6) "some employees" of the State have abused their authority (Docket Entry No. 1, p. 3 of 8); 7) he is being "denied" his right to free speech (Docket Entry No. 1, p. 4 of 8); 8) he is being "targeted" for his "opinion about the President['s] race...." (Docket Entry No. 1, p. 5 of 8); 9) the Tennessee State Penitentiary (TSP) told him that he had failed the GED (Docket Entry No. 1, p. 5 of 8); 10) unnamed/unidentified individuals have conspired to violate his civil rights (Docket Entry No. 1, p. 7 of 8); 11) his personal property was confiscated at CJC (Docket Entry No. 1, p. 8 of 8); 12) he is being falsely imprisoned in CJC (Docket Entry No. 1, p. 8 of 8); and 13) he has been subjected to cruel and unusual punishment at CJC (Docket Entry No. 1, p. 8 of 8). With respect to 13) above, the plaintiff alleges that Sgt. Nate Shearon assaulted him at CJC, breaking his nose and injuring his right eye. (Docket Entry No. 1, p. 6 of 8).

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

2

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A. Political Entities Named as Defendants

The plaintiff names three political entities as defendants to this action: the State, Davidson County, and "Metro Division/Davidson County." It is not apparent from the pleadings whether "Metro Division/Davidson County" refers to the Metropolitan Government of Nashville (Metro), the Metropolitan Nashville Police Department (MNPD), or both. Because MNPD is not a "person" within the meaning of § 1983 and, therefore not amenable to suit under § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), the Court liberally construes the complaint to sue Metro.

The plaintiff's claim against the State is that "some" of its employees have abused their authority, claim 6), p. 2. Under the Eleventh Amendment, a State is not a person against whom a § 1983 claim for money damages may be asserted. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 617 (2002)(citing *Will*, 491 U.S. at 66). Because the plaintiff seeks money damages only, his claim against the State is barred by the Eleventh Amendment.

The plaintiff's only apparent allegations against Davidson County are that his personal property was confiscated, he is being falsely imprisoned, and he has been subjected to cruel and unusual punishment, claims 11)-13), *supra* at p. 2. His only apparent allegations against Metro are that he has received tickets for driving under the influence, the police took his Pit Bull, he is being

3

denied special needs housing, a mental health assessment, and an "ACA manual," and he was issued a misdemeanor citation for leaving the scene of an accident, claims 1), 2), 4) and 5), *supra* at pp. 1-2.

A plain reading of the complaint is that the plaintiff is suing Davidson County and Metro under the doctrine of *respondeat superior*, his apparent legal theory being that they are vicariously liable for the alleged acts and/or omissions of those in their employ. The law is settled, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, *see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach here, Davidson County and Metro must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that Davidson County or Metro were directly responsible for the alleged actions of any of their employees, nor can such an inference be liberally construed from the pleadings. The plaintiff also does not allege that Davidson County and/or Metro employees acted pursuant to any county or city policy that violated the plaintiff's constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Consequently, neither Davidson County nor Metro are liable under the doctrine of *respondeat superior*.

For the reasons explained above, the plaintiff's claims against the State, Davidson County, and Metro will be dismissed for failure to state a claim on which relief may be granted.

B. "Individuals" Named as Defendants

1. Capacity in Which "Individuals" Named
as Defendants Are Being Sued

The plaintiff has not specified in what capacity he is suing "individuals" named as defendants to this action. The Sixth Circuit "require[s] § 1983 plaintiffs 'to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages . . . .'" *Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)(quoting *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)); *see Beil v. Lake Erie Correction Records Dept.*, 282 Fed.Appx. 363, 376 (6th Cir. 2008)(citing both *Shepard* and *Wells* for the proposition that § 1983 plaintiffs are required to specify in what capacity a defendant is sued).

Where no explicit statement appears in the pleadings, the Sixth Circuit uses a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable. *See Shepard*, 313 F.3d at 967 (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)(*en banc*); *see also Beil*, 282 Fed. Appx. at 367 (citing both *Shepard* and *Moore* for the proposition that Sixth Circuit applies the "course of proceedings" test in § 1983 actions). Under the "course of the proceedings" test, federal courts examine "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised . . . ." *Moore*, 272 F.3d 772 at n.1.

The Sixth Circuit held in *Moore* that the defendants in that case were on notice that they were being sued in their individual capacity, because the complaint: 1) listed only the officers' names, not their official titles; 2) referred to the officers throughout as the individual defendants; 3) alleged that the officers were acting for themselves; and 4) sought compensatory and punitive damages against each of the defendants by name. *Id.* at p. 773.

The Court has reviewed the complaint under the "course of the proceedings" test. For the reasons explained in footnote 2 below, and for reasons that will become apparent, the Court finds

5

that there is nothing in the pleadings to support the conclusion that the plaintiff is suing "individuals" named as defendants in their individual capacity. Accordingly, the Court finds that the complaint has sued "individuals" named as defendants in their official capacity only.[2]

### 2. Plaintiff's Claim Against "The Commissioner," Night Police Officers, and Other Police Officers

Inasmuch as the plaintiff groups "The Commissioner" with "[n]ight police officers," the Court liberally construes the complaint to name Metro Chief of Police, Ronal Surpas (Chief Surpas) as a defendant.[3] Given that the plaintiff is suing "individuals" named as defendants in their official capacity only, the plaintiff's claims against Chief Surpas and the unnamed/unidentified Metro police officers are claims against Metro proper. The allegations that appear to apply to these defendants are that the plaintiff has received tickets for driving under the influence, the police took his Pit Bull, and he received a misdemeanor citation for leaving the scene of an accident, claims 1), 2), and 5), *supra* at pp. 1-2.

---

[2] Sergeant Shearon is the only "individual" whom the plaintiff's identifies by name in his complaint, and against whom he provides specific factual allegations. Although the plaintiff did not name Sgt. Shearon as a defendant, the Court liberally construed the category of defendant "some members of the Sheriff department" to include him.

The analysis that led to the Court's determining that the plaintiff had sued Sgt. Shearon in his official capacity only is summarized as follows: 1) the plaintiff refers to Sgt. Shearon by his rank and position only; 2) the plaintiff does not refer to Sgt. Shearon in his individual capacity; 3) the plaintiff does not allege that Sgt. Shearon was acting for himself or in his own interests; and 4) the plaintiff does not specify in his demand for relief that he is seeking specific money damages against Sgt. Shearon. In short, there is nothing in the complaint in this case that would have led the Court in *Moore* to determine that Sgt. Shearon had been sued in his individual capacity.

In addition to the foregoing, the Court also noted that the plaintiff concluded his telling of the alleged events involving Sgt. Shearon with the following statement:
> I filed suit on the Sheriff [D]epartment [in] 04 or 05 .... [I] would like to file a motion to open that said law suit under the ground that said ***DCSO violated once again***.

(Docket Entry No. 1, p. 6 of 8)(emphasis added) The case to which the plaintiff refers is *Key v. Davidson County Sheriff's Office, et al.*, No. 3:02-0145 (M.D. Tenn. Feb. 14, 2002)(Campbell, J.). The plaintiff sued the defendants in that case in their official capacity only.

Based on the foregoing, including the plaintiff's specific reference to his prior official-capacity-only lawsuit against the Davison County Sheriff's Department, the Court determined that the complaint had sued Sgt. Shearon in his official capacity only.

[3] The analysis that follows would apply even if the plaintiff had intended to name some other Metro official as a defendant.

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews*, 35 F.3d at 1049; *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), in this case, Metro. However, Metro cannot be held responsible under § 1983 for constitutional deprivations attributable to it through any action of Chief Surpas, or police officers employed by MNPD, unless there is a direct causal link between a Metro policy or custom and the alleged violations of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 691; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000).

Although the plaintiff alleges generally that he has been the victim of a long-standing conspiracy to deprive him of his rights, he provides no facts that would establish a "direct causal link" between those alleged violations and a municipal policy or custom attributable to Metro, nor can such a "direct causal link" be liberally construed from the pleadings. Accordingly, the plaintiff's claims against the above-named defendants will be dismissed for failure to state a claim on which relief may be granted.

### 3. Plaintiff's Claims Against Members of the Judicial System

The plaintiff identifies the following groups of "individuals" as defendants: "Judges on some cases," the "DA on some cases," the "PD on some cases," and the "pros[ecutor] on some cases." Each of these defendants appears to be subsumed by the broader classification "Members of the Justice System," that the plaintiff names as a separate defendant.

The "groups" named by the plaintiff as defendants are not amenable to process and, as such, they are not proper defendants. Additionally, judges generally are immune from suit, *see Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)), as are district attorneys, *see Burns v. Reed*, 500 U.S. 478, 486 (1991), prosecutors, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Burns*, 500 U.S. at 486; *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998), public defenders and court-appointed defense counsel while acting in that

capacity, *see Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Flagg Bros.*, 436 U.S. at 155-57; *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998). Even if the plaintiff had identified a specific judge, district attorney, prosecutor, or court-appointed defense counsel in the context of this claim, he has provided no factual allegations that would suggest that immunity does not apply here.

In addition to having failed to identify a proper defendant, the complaint fails to allege and show how any "individual" in the groups identified above violated the plaintiff's rights under the Constitution and/or laws of the United States. The plaintiff's sole reference to these defendants is a rhetorical question in which he asks: "[if certain standards of conduct] are required of private citizens then what is required of our most trusted workers such a cops, commissioners, judges, DA's and court appointed lawyers . . . ?" (Docket Entry No. 1, p. 5 of 8). The plaintiff's question does not establish what any "individual" in these groups did, or failed to do, to violate his rights under the Constitution or laws of the United States. Accordingly, the plaintiff fails to satisfy either part of the two-part test under *Parratt* as to any of these defendants.

In addition to the foregoing, the plaintiff may have intended to include "other" defendants in his catch-all "Members of the Justice System." Once again, however, it cannot be determined from the pleadings who these "other" defendants might be, or what they may have done, or not done, that violated the plaintiff's rights. Consequently, the plaintiff satisfies neither part of the two-part test under *Parratt* as to any "other" potential defendants who are part of the judicial system.

The plaintiff's claims against the above-named defendants lack an arguable basis in law or fact. Accordingly, the plaintiff's claims against these defendants will be dismissed as frivolous.

4. Plaintiff's Claims Against "Some" State Workers
and "Some" Members
of the Sheriff's Department

The plaintiff's sole claim against State workers is that "some" of them abused their authority. The State workers to whom the plaintiff refers are the defendants enumerated as 1) through 5), *supra*

at p. 1. For reasons previously explained, *supra* at ¶¶ II.B.2-3, the plaintiff's claims against these defendants are frivolous/fail to state a claim on which relief may be granted.

As to the plaintiff's claim against "some members" of the Sheriff's Department, the only "individual" specifically identified in the complaint is Sgt. Shearon, whom the plaintiff claims assaulted him. As previously established, an official capacity lawsuit is a lawsuit against the governmental entity of which the official is an agent.

The plaintiff's claim against Sgt. Shearon in his official capacity is a claim against Davidson County, the political entity responsible for operating CJC. That said, the plaintiff does not allege, nor can it be liberally construed from the pleadings, that there is a "direct causal link" between Sgt. Shearson's alleged actions and any policy or custom attributable to Davidson County. Consequently, Davidson County is not liable under § 1983.[4]

The plaintiff also refers to "other" corrections officers at CJC. However, he does not identify who those "other" corrections officers are, nor does he provide any information from which the "other" corrections officers are. Moreover, apart from the conclusory allegation that "the guards set [him] up," the plaintiff does not provide any information pertaining to what these "other" corrections officers did, or failed to do, that violated his rights under the Constitution or laws of the United States. Consequently, the plaintiff fails to satisfy either part of the two-part test under *Parratt* as to these "other" corrections officers. Additionally, because the plaintiff fails to provide any factual allegations with respect to these "other" corrections officers, he also fails to establish the "direct causal link" that is required before Davidson County is liable under § 1983.

The plaintiff's claims against the above-named defendants lack an arguable basis in law or fact. Accordingly, the plaintiff's claims against these defendants will be dismissed as frivolous.

---

[4] The plaintiff does assert that he was told when he was released after filing the prior lawsuit against the Davidson County Sheriff's Department that "they would get me one day." However, the plaintiff does not implicate Davidson County in the alleged threat.

### C. Plaintiff's Remaining Claims

Finally, the plaintiff alleges that he is being denied his right to free speech, that he has been "targeted" for his opinion about the President's race, that TSP lied to him about not passing the GED, and that unnamed/unidentified individuals have conspired to violate his civil rights, claims 7) through 10), *supra* at p. 2.

The plaintiff does no provide any factual allegations in support of his claims that he is being "denied" his right to free speech, that he is being "targeted" for his views about the President, or that a conspiracy exists to violate his civil rights. The plaintiff also does not identify who allegedly "denied" his right to free speech, "targeted" him for his opinion about the President, or conspired to violate his civil rights, nor is the Court able to liberally construe from the pleadings the identity of those to whom these claims pertain. Consequently, the plaintiff fails to satisfy either part of the two-part test under *Parratt*.

With respect to TSP allegedly lying about the plaintiff not passing the GED, lying does not constitute a constitutional violation. *See e.g., Jenkins v. Rock Hill Local School Dist.*, 513 F.3d 580, 591 (6th Cir. 2008). Moreover, just as Sheriff's Departments are no persons within the meaning of § 1983, neither are prisons such as TSP. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992). Once again, the plaintiff fails to satisfy either part of the two-part test under *Parratt*.

The plaintiff's remaining claims lack an arguable basis in law or fact. Accordingly, these claims will be dismissed as frivolous.

## III. CONCLUSION

For the reasons explained herein, the complaint will be dismissed in part for frivolity, and in part for failure to state a claim on which relief may be granted. An appeal would not be taken in good faith.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge